IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-1201-DWD |
| SCOTT A. PRINCE, JOHN P. GOLLIHER, ANGELA MASTERSON, and ANTHONY WILLS,[1] | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Jamal Taylor, an inmate in the custody of the Illinois Department of Corrections, alleges that Defendants Scott Prince, John Golliher, and Angela Masterson retaliated against him in various ways after he witnessed a sexual assault on another inmate perpetrated by a supervisor. The Court screened Taylor's complaint pursuant to 28 U.S.C. § 1915A and sent requests for waivers of service to Defendants Prince, Masterson, and Golliher. (Docs. 13, 14). Defendants Masterson and Golliher timely appeared and answered Taylor's complaint. (Doc. 26). Defendant Prince executed and returned a waiver of service, and his answer was due by July 13, 2020. (Doc. 20). Prince

---

[1] The Clerk of Court shall CORRECT the docket sheet to reflect that "A. Masterson" is Angela Masterson and shall SUBSTITUTE Anthony Wills in his official capacity as Warden of Menard Correctional Center for Alex Jones, the former warden. Wills is a party to this action for purposes of assisting with John Doe identification.

failed to timely appear and answer the complaint, and the Clerk of Court entered default against him on August 7, 2020. (Doc. 28).

By motion dated August 12, 2020, Defendant Prince seeks to set aside the entry of default. (Doc. 32). He also has now filed his answer. (Doc. 34). Plaintiff responded in opposition to Prince's motion. (Doc. 36). Before default judgment can enter pursuant to Rule 55(b), a party must secure a Clerk's entry of default under Rule 55(a). An entry of default does not guarantee that a default judgment will be granted, as Rule 55(c) provides that "the court may set aside an entry of default for good cause." The standard for "good cause" is lenient, particularly where, as here, the Clerk has entered default but default judgment has not yet been finalized. *See JMB Mfg., Inc. v. Child Craft, LLC,* 799 F.3d 780, 791-792 (7th Cir. 2015).

To prevail on a Rule 55(c) motion, the movant "*must* show (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-631 (7th Cir. 2009)(internal quotation and citation omitted)(emphasis added). The Rule 55(c) standard is "lenient" due to the "policy of favoring trial on the merits over default judgment." *Id.* at 631. Good cause does not require a party to provide a good excuse so long as setting aside a default does not create a windfall for a party. *See JMB Mfg., Inc.*, 799 F.3d at 792. *See also Arwa Chiropractic, P.C. v. Med-Care Diabetic*, 961 F.3d 942, 948 (7th Cir. 2020)(noting that Rule 60(b) allows relief from final judgment due to mistake, inadvertence, and excusable neglect and describing that standard as more stringent than the standard for good cause). Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the

defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017).

Here, Defendant Prince took quick corrective action in response to the entry of default. The default was entered on August 7, 2020, and he moved to set it aside five days later on August 12, 2020. Despite Taylor's objections, Prince also demonstrates good cause for the default. Prince retired from the Illinois Department of Corrections, which caused some confusion in securing representation by the Office of the Attorney General. The proper paperwork was received from Prince on August 10, 2020, and counsel promptly entered an appearance on Prince's behalf. This confusion is akin to mistake, inadvertence, or excusable neglect, which is sufficient for establishing good cause.

While Prince's motion does not address whether he has a meritorious defense, his answer does. In it, Prince lays out several affirmative defenses that can be construed as meritorious. He alleges that Plaintiff's claims for monetary damages are precluded by Eleventh Amendment sovereign immunity, that Plaintiff failed to exhaust administrative remedies before filing suit, and that he is shielded from liability by the doctrine of qualified immunity. Taken together, the record supports finding that Prince has shown that he has a meritorious defense to Taylor's claims.

Prince also argues that the Court lacks authority to enter default or a default judgment for failure to timely file a responsive pleading in cases subject to the Prison Litigation Reform Act (PLRA). This argument has been squarely rejected in this District. *See, e.g.*, *Hood v. Menard Tactical Team*, Case No. 05-cv-214-JPG-DGW, 2010 WL 1416108 (S.D. Ill. Mar. 8, 2010); *Comi v. Godinez*, Case No. 14-cv-1348-SMY-RJD, 2017 WL 5665855

(S.D. Ill. Nov. 27, 2017). While the PLRA states that "[n]o relief shall be granted to the plaintiff unless a reply has been filed," it continues to explain that "[t]he Court may require any defendant to reply to complaint if it finds that plaintiff has a reasonable opportunity to prevail on the merits." Prince was ordered to respond to Taylor's complaint by the Court. The Court has the authority to order such a reply, and nothing in the PLRA vitiates the Rule 55 requirements for entering default against parties who fail to plead or otherwise defend civil actions.

## Conclusion

For the above-stated reasons, Defendant Scott Prince's motion to set aside default (Doc. 32) is **GRANTED**. The default entered on August 7, 2020, is hereby **SET ASIDE**. As a result, Plaintiff Jamal Taylor's motion for default judgment (Doc. 35). is **DENIED as MOOT**.

**SO ORDERED.**

Dated: January 27, 2021

                                                    s/ *David W. Dugan*  
                                                    DAVID W. DUGAN  
                                                    United States District Judge